# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF SANCHEZ; SYLVIA SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>SERVIS ONE, INC., dba BSI FINANCIAL SERVICES; RESIDENTIAL CREDIT SOLUTIONS, INC.; NATIONSTAR MORTGAGE LLC; HOMEWARD RESIDENTIAL; AURORA BANK, FSB; EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC,<br><br>Defendants. | CASE NO. 18cv0586 JM(JMA)<br>18cv0587 JM(JMA)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Pursuant to Fed.R.Civ.P. 12(b)(1), Defendant Residential Credit Solutions, Inc. ("RCS") moves to dismiss the claim for the alleged violation of the automatic stay provision, 11 U.S.C. §362(a), for lack of jurisdiction and, pursuant to Fed.R.Civ.P. 12(b)(6), moves to dismiss the claims for alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq., and the California Consumer Credit Reporting Act ("CCRAA"), Cal. Civ. Code §1785.1, et seq. Plaintiffs Rudolf and Sylvia Sanchez oppose the motions. Defendant Service One, Inc., d/b/a BSI Financial Services, ("BSI") filed a Notice of Joinder to RCS's Rule 12(b)(1) motion. Defendants Equifax Information Services, LLC, Aurora Bank, FSB, Trans Union LLC, Homeward

1 Residential, and Nationstar Mortgage LLC did not respond to the motion and have
2 been dismissed from the action. Pursuant to Local Rule 7.1(d)(1), the court finds the
3 matters presented appropriate for resolution without oral argument. For the reasons set
4 forth below, the court grants the motion to dismiss with 15 days leave to amend from
5 the date of entry of this order. The Second Amended Complaint shall not exceed 20
6 pages in length.

## BACKGROUND

The First Amended Complaint ("FAC"), filed on July 16, 2008, alleges three claims for relief: (1) violation of the FCRA, (2) violation of the CCRAA, and (3) violation of the bankruptcy automatic stay provision. Plaintiffs claims against the only two remaining Defendants, RCS and BSI, generally arise from the following allegations.

On or about August 28, 2012, Plaintiffs filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Case"). (FAC ¶ 23). The Bankruptcy Court confirmed the Chapter 13 Plan ("Plan") on March 13, 2013; and, on October 12, 2017, Plaintiffs received a bankruptcy discharge. (FAC ¶¶107, 127).

In reports issued by Credit Reporting Agencies ("CRAs") TransUnion on October 19, 2017, and November 21, 2017, and Equifax on October 27, 2017, RCS allegedly reported inaccurate, misleading, and derogatory information about Plaintiffs' account. (FAC ¶¶169-172). As of September 30, 2013, RCS allegedly reported that pay status was 120 days past due, 120 days past due notations from November 2012 until August 20, 2013, and maximum delinquency of 120 days in November 2012 for $2,890 and in September 2013. Id. All credit reports reflected Plaintiffs' status with RCS as of September 30, 2013.

The debt possessed by RCS was unsecured and, on October 12, 2017, the balance of the debt discharged in bankruptcy. (FAC ¶¶125, 127). During this time, and at least through November 21, 2017, the CRAs' reports continued to display late

payments and delinquencies identified by RCS as of September 30, 2013. Plaintiffs allege that the Bankruptcy Noticing Center provided notice to RCS of Plaintiffs' discharge on or about November 30, 2017. (¶121).

According to Plaintiffs, sometime between August 21, 2013 and December 12, 2013, RCS sold, assigned, or transferred its interest in Plaintiffs' debt to BSI. (Oppo. at p.22:11-14). Thereafter, BSI continued to furnish and report past due amounts and delinquencies. The allegedly inaccurate, misleading, and derogatory information provided by RCS was reported in credit reports provided by TransUnion on October 31, 2017, and November 21, 2017, and Equifax on October 27, 2017. All credit reports reflected Plaintiffs' status with BSI in the time period between August 31, 2017, and October 31, 2017. (FAC ¶¶191-197). BSI's debt was unsecured and the accounts discharged in bankruptcy. (FAC ¶200).

In December 2017, Plaintiffs disputed BSI's reported information regarding the reported debt. The dispute letter indicated that the identified debts were discharged in bankruptcy. BSI allegedly did not remove the derogatory information with respect to a balloon payment of $59,001 due on May 1, 2022. (FAC ¶232). The balloon payment had been discharged in bankruptcy. (FAC ¶234). Between January 1, 2014 and October 18, 2017, BSI sent numerous statements to Plaintiff indicating the amounts due and stating "You must pay this amount to bring your loan current." (FAC ¶313).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are

insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

As highlighted above, Fed.R.Civ.P. 8(a) requires that a plaintiff "provide a short and plain statement of the claim showing that the pleader is entitled to relief." The 69-page, 328 paragraph FAC violates Rule 8(a)(2). The FAC contains policy statements, an historical recitation of the enactment of the FCRA, general industry credit reporting policies, overly detailed allegations related to Plaintiffs' Chapter 13 Plan Confirmation, legislative history of the FCRA, and other expansive and unnecessary allegations. On this basis alone, the court grants the motion to dismiss with 15 days leave to amend

from the date of entry of this order. In light of Plaintiffs' prolix pleading and the dismissal of the majority of Defendants, the Second Amended Complaint ("SAC") shall not exceed 20 pages in length.

In sum, the court grants the motion to dismiss the complaint with 15 days leave to amend.

**IT IS SO ORDERED.**

DATED: October 23, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties